UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 04-cr-138 (JCH) |
| | : | |
| TYRELL EVANS | : | JULY 22, 2009 |

**RULING RE: ELIGIBILITY FOR SENTENCE REDUCTION (Doc. No. 2356)**

On May 20, 2009, this court issued an Order to Show Cause why the defendant, Tyrell Evans, should be given a reduced sentence pursuant to the retroactive change in the crack-cocaine guidelines. See Doc. No. 2356. Evans has filed a response requesting that the court reduce his sentence. See Doc. No. 2372. The government opposes a reduction in Evans's sentence. See Doc. No. 2379.

Evans was convicted of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.[1] At sentencing,[2] the court found an applicable quantity of 50 to 150 grams of cocaine base. Sentencing Tr. at 64. The court determined that Evans was a career offender. Id. The court noted that, with or without career offender status, Evans's base offense

---

[1] Evans originally pled guilty to a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. Because he did not admit to a drug quantity at his guilty plea, pursuant to United States v. Gonzalez, 430 F.3d 111, 115 (2d Cir. 2005), the elements of 21 U.S.C. § 841(b)(1)(A) were not established, and accordingly the court determined that the offense of conviction was 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846.

[2] The court has reviewed the Court's Response to Remand and Sentencing Transcript in connection with the instant Ruling.

1

level was 32, or 30 after acceptance of responsibility.[3]  Id. at 64-65.  His criminal history category based on criminal history points was III, but because of the career offender determination, his criminal history rose to a category VI.  Id. at 65.  As such, his guideline range, prior to any departures, was 168 to 210 months.  Id.

Evans' counsel requested that the court depart downward on the grounds that the career offender classification overstated Evans' criminal history.  Id. at 66-68.  Counsel also argued that the 100 to 1 guidelines ratio of crack to powder was unfair and disparate.  Id. at 68-9.  Counsel further argued that Evans' family circumstances, namely his responsibility to his son, justified a downward departure.  Id. at 69.  Finally, Evans' counsel argued that, if each of his articulated grounds did not justify a downward departure on their own, then taken together they certainly did.  Id. at 69-70.  The court then added extraordinary rehabilitation as its own potential ground for departure.  Id. at 76.

After giving the government an opportunity to resist the downward departure arguments, the court then ruled on Evans's departure request.  First, it stated that, with respect to the 100 to 1 ratio, it was bound by Congress' actions and did not find it a reasonable basis for departure.  Id. at 78.  However, the court did choose to grant a departure based on the overstatement of criminal history.  Id.  The court indicated that it was limited in this regard to a horizontal departure to a criminal history category of V.  Id. at 79. In considering the ground of extraordinary rehabilitation, the court found that

---

[3]The government did not move for the third point of acceptance of responsibility under U.S.S.G. § 3E1.1(b).

the ground was not present to an extraordinary degree as required to depart, but taken together with the overstatement of criminal history, the court found that it could depart on this combination of factors pursuant to United States v. Rioux, 97 F.3d 648, 663 (2d Cir. 1996). Id. at 81. The court declined to depart based on family circumstances. Id. at 82.

After hearing the arguments of counsel regarding possible grounds for departure from the guidelines, the court then analyzed all of the 3553(a) factors, 18 U.S.C. § 3553(a), and determined what it concluded was a fair and just sentence for Evans: 120 months. Thus, the sentence was both a guidelines-departed and Booker sentence.

Evans now requests that the court reduce his sentence. He contends that because the court "abandoned the career offender guidelines, it must have relied upon the § 2D1.1(c) guidelines range of imprisonment." Def.'s Mem. at 4. Evans therefore suggests that he is eligible for a sentence reduction pursuant to the Second Circuit's ruling in United States v. McGee, 553 F.3d 225 (2d Cir. 2009). McGee held that where a defendant designated a career offender was granted a departure so that he was ultimately sentenced based on the crack cocaine guidelines, he is eligible for a reduced sentence. Id.

Under the crack cocaine amendments, the offense level applicable to Evans's quantity, 50 to 150 grams of cocaine base, has been reduced by two levels to 30, or 28 after acceptance of responsibility. The career offender guideline, however, was not altered by the amendments, and therefore remains at 32, or 30 after acceptance of

responsibility.

Evans is only eligible for a retroactive sentence reduction if the crack-cocaine amendments "have the effect of lowering the defendant's applicable guideline range" within the meaning of U.S.S.G. § 1B1.10. That statement provides that a court shall not reduce the defendant's term of imprisonment "to a term that is less than the minimum of the amended guideline range," Id. § 1B1.10(b)(2)(A), with the following exception:

> If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(2)(b). At sentencing, Evans received a term of imprisonment that was less than the term applicable under the Guidelines, determined by his status as a career offender. His term of imprisonment resulted from the court's departure below the guideline range pursuant to a departure for overstatement of criminal history, a combination departure pursuant to Rioux, and after weighing all of the factors under 18 U.S.C. § 3553(a). However, the court did not base his sentence on his drug quantity or reference or consider the crack-cocaine guidelines in determining Evans' sentence post-departure. Therefore, this case is unlike McGee, 553 F.3d 225, in which the court departed based upon overstatement of criminal history and ultimately sentenced the defendant based on the crack-cocaine guidelines. It is also unlike the case of Evans's co-defendant Milton Menafee, in which the court explicitly departed to the section 2D1.1

offense level before imposing sentence.  See United States v. Menafee, No. 3:04-cr-138, — F. Supp. 2d —, 2009 WL 1708104 (D. Conn. June 16, 2009).

The Second Circuit has held that a defendant sentenced as a career offender, and without reliance upon the Guidelines' drug quantity table, is not eligible for a sentence reduction.  United States v. Martinez, No. 08-3454, — F.3d —, 2009 WL 2004208, at *2-4 (2d Cir. July 13, 2009); see United States v. Ogman, 535 F.3d 108, 111 (2d Cir. 2008).  On the other hand, as the court has already noted, a defendant designated a career offender who is granted a departure so that he was ultimately sentenced based on the crack cocaine guidelines is eligible for a reduced sentence. McGee, 553 F.3d 225.  Evans's case is not as clear-cut as Martinez, because Evans, like McGee, benefitted from a departure for overstatement of criminal history.  However, in light of Evans's career offender status, and the fact that the court did not base Evans's sentence on the crack-cocaine guidelines, his guidelines calculation, unlike McGee's, was not affected by the retroactive change in the crack-cocaine guidelines. Therefore, Evans does not qualify for a sentence reduction pursuant to the crack-cocaine amendments.  Because Evans's sentence was not based on the crack-cocaine quantity guidelines, and he received a non-Guideline sentence pursuant to 18 U.S.C. 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction would not be permitted under the Amendment.

For the foregoing reasons, the court concludes that Evans is not eligible for a sentence reduction.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 22nd day of July, 2009.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge